FILED
JAN 0 8 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 9:00-517 |
| | ) | CIVIL NO.: 9:02-3036-08 |
| Vs. | ) | |
| | ) | **GOVERNMENT'S MOTION TO** |
| STANTON D. ALLABEN | ) | **DISMISS DEFENDANT'S MOTION** |
| | ) | **UNDER 28 U.S.C. 2255 TO VACATE** |
| | | **SENTENCE** |

The United States of America (the "government") requests that the District Court dismiss the defendant's Motion to Vacate Sentence under 28 U.S.C. §2255 for lack of jurisdiction. The defendant was sentenced on September 27, 2001, to 70 months imprisonment following convictions for two counts of possession and distribution of child pornography. The defendant filed a timely 28 U.S.C. §2255 petition on September 16, 2002, but has requested relief under the wrong statute and in the wrong district court.

Allaben requests two remedies: (1) that the Bureau of Prisons give him credit for time served on a state court sentence which was to run concurrent to the federal sentence; and 2) that the Bureau of Prisons find him eligible for early release based on his completion of the 500 hour intensive drug treatment program. These claims address the computation and execution of the sentence itself, rather than the validity of the conviction, and are not cognizable under 28 U.S.C. §2255. United States v. Addonzio, 442 U.S. 178 (1979); United States v. Miller, 871 F.2d 488, 489-490 (4th Cir. 1989); United States v. Brown, 753 F.2d 455 (5th Cir. 1985); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Soyka v.

1

Alldredge, 481 F.2d 303 (3d Cir. 1973); see also, United States v. Snow, 748 F.2d 928, 933 (4th Cir. 1984). After exhaustion of administrative remedies, judicial review of a claim relating to computation of sentence is available under 28 U.S.C. §2241. Addonzio, supra; Brown, supra; Giddings, supra; Alldredge, supra.

Furthermore, this action is filed in the wrong district court. Under §2241, jurisdiction lies in the district where the defendant is incarcerated or where his custodian is located. United States v. Miller, supra; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); United States v. Snow, 748 F.2d at 933.

The record indicates that Allaben is currently incarcerated at Otisville FCI in Otisville, New York; therefore defendant should file a petition under §2241 in that district. See defendant's petition, place of confinement.

For the foregoing reasons, the government moves to dismiss Allaben's motion to vacate sentence for lack of jurisdiction.

Respectfully submitted,

J. STROM THURMOND, JR.
UNITED STATES ATTORNEY

By: _____
Mary Gordon Baker
Assistant U.S. Attorney
151 Meeting Street, Suite 200
Post Office Box 978
Charleston, South Carolina 29402