February 8, 2003

Stanton D. Allaben
v.
United States

C/A 2:02-3036-08

FILED
APR 09 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

Further response to motion to dismiss

In regards to the original 2255 filing, Petitioner hereby withdraws the request to address the issue of the BOP's 500 hour drug program early release benefit and its denial to Petitioner.

Petitioner asks that the issue of credit for time served not credited to Petitioner's federal sentence at this time, be regarded in the light of seeking a correction to the original sentence of September 2001.

As regarding the motion to dismiss, Petitioner adds the following to an earlier response Petitioner filed in January 2003:
1) Petitioner seeks a correction to the federal sentence in that it failed to address the issue of the impact a possible forthcoming state sentence would have on the federal sentence.
2) Because the issue at question directly attacks the sentencing court, venue is a vital matter in this case.
See: Walters v. United States, 404 F ("one of the purposes of 28 U.S.C. 2255 was to permit the trial judge ... to hear motions collaterally attacking the trial process...").

9

See also Napoles v. United States 536 F.2d 722 (if court with jurisdiction over probation agency is different from court that imposed sentence, section 2255 motion should be heard by court whose proceedings are being attacked).

3) Rule 4(a) of the rules governing §2255 proceedings provides that "the motion shall be presented promptly to the judge of the district court who presided at the movants trial and sentenced him..."

 See Carvell v. United States 173 F2d
 See Litcky v. United States 510 US 540

In view of the foregoing, Petitioner asks that the motion to dismiss be denied.

Stanton D. Allaben   96843-071
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

Stanton D. Allaben   8-8-03