FILED

APR 0 9 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Stanton D. Allaben, | ) |
| | ) Civil Action No. 9:02-3036-08 |
| Petitioner, | ) Criminal No. 9:00-CR-517 |
| | ) |
| -vs- | ) **ORDER** |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

## INTRODUCTION

This matter is before the Court on the <u>pro se</u> Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. The Petitioner was sentenced on September 27, 2001 to 60 months' imprisonment consecutive to a separate 10-month sentence, followed by a 3-year period of supervised release after pleading guilty to two counts of child pornography. He did not appeal this conviction or sentence.

The Petitioner then filed the present petition, which was later amended, alleging (1) that he should be given credit for a twenty-month period he served in state custody; and (2) that a prior conviction for sexual abuse was preventing him from being eligible for early release from the Bureau of Prisons. After being granted an extension of time, the government moved to dismiss the action, based on the fact that the relief sought is more appropriately sought under 28 U.S.C. § 2241, and that this Court does not have jurisdiction over such a petition.

The Petitioner filed a response, and later wrote the Court a letter attaching



10

a second response,[1] arguing essentially that § 2255 was the appropriate method to seek this redress, and that any other court receiving this case would likely refer the matter back to this Court.

Unfortunately for the Petitioner, he is mistaken. Because the Petitioner does not attack the fact of his sentence, but rather its execution or the matter in which it is being effectuated, § 2255 is an improper vehicle to seek redress. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (specifically addressing jail credit). The proper method is via petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Id. Such petitions must be filed in the district of incarceration, not the district of sentencing. As the Petitioner is currently housed in New York, this Court has no jurisdiction to hear his claim.[2]

Based on the foregoing, it is

ORDERED that the Respondent's motion to dismiss is granted, and this action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 8 , 2003
Charleston, S.C.

---

[1] The Clerk of Court is directed to file this second response into the record.

[2] The Court further notes that the Petitioner may be required to exhaust any administrative remedies which may be available to him. See 28 C.F.R. §§ 542.10 et seq. (Bureau of Prisons Institutional Management regulations); Braden v. 30th Judicial Circuit Ct., 410 U.S. 484 (1973) (requiring exhaustion of remedies in § 2241 petitions, unless the case falls under a recognized exception).